[No. 25827. Department Two. November 6, 1935.]

THE STATE OF WASHINGTON, *Respondent*, v. ERNEST EDWARDS, *Appellant*.[1]

*Hall & LaLonde* and *Robert W. Garver*, for appellant.

*Eugene G. Cushing* and *R. Dewitt Jones*, for respondent.

MAIN, J.—The defendant, Ernest Edwards, was charged by information with the crime of assault in the second degree. The trial resulted in a verdict of guilty, and from the judgment and sentence the defendant appeals.

The appellant resided on a ranch two or three miles west of the town of La Center, in Clark county. The

[1]Reported in 50 P. (2d) 902.

dwelling house upon this ranch was located near a county highway which connected with the Pacific highway leading into Portland.

A few days before December 5, 1934, the appellant's wife, Clarabelle Edwards, left the ranch and went to Portland, where her former husband, from whom she had been divorced, lived. December 4, 1934, she gave Clyde Grier, the former husband, an order to go to the ranch and get all of her furniture and household goods. This order was directed to the appellant.

On the following day, Clyde Grier, with two of his brothers and another man, went to the ranch from Portland, with a truck, for the purpose of getting the household goods and furniture. When they arrived there, as Clyde Grier says, he went to the back door of the house, and the appellant told him that all the furniture and household goods belonged to Mrs. Edwards, with the exception of two stoves. The appellant says that he told Clyde Grier that the furniture and household goods that were to be taken were all collected in one room.

Soon after this, the appellant left the ranch and went to Portland, returning late in the afternoon. When he returned, the truck was upon the county road and the loading was almost completed. The appellant went on to his house, found that all the furniture and household goods, with the exception of the two stoves, and possibly one or two other articles, had been taken, and either had been or were then being loaded on the truck. He returned to the place where the truck was standing, and what then occurred is in dispute. The other three men, other than Clyde Grier, were near the truck, and Clyde was some distance up the road, there being a hill a short distance ahead.

The state's witnesses testified, in effect, that, when the appellant came to where the truck was being

loaded, he said to one of the men, "You take one step and I will shoot you." He said to the driver of the truck, "Get out of the cab or I will blow your head off." At this time, Clyde, who was farther up the road, started to run, and the appellant started to shoot. Clyde went over the hill and the appellant followed him, firing in all six shots, the last of which hit Clyde in the left leg. When the appellant came back over the hill, he said to those at the truck, "I winged him."

The appellant's version of what happened is substantially this: That he called to Clyde, "Come back and take my household goods back to the house." The two brothers held up their hands, and the appellant said to them, "You fellows had better stop and get on the side of the road and not butt into this affair." The driver of the truck said, "Can I shut off my motor," and the appellant said, "Never mind the motor." Clyde was making for the top of the hill, and the appellant fired the first shot. The appellant says that he called to him several times to stop and come back, but that, instead, he kept on running, and so,

"I began to tear the gravel up around his feet, and the faster I shot the more he went, and when I shot the last shot he grabbed his left leg."

The appellant, on cross-examination, would not deny that he said, when he returned to the truck, that he had "winged him." The appellant also said that he had made no request of anyone to remove any of the furniture or household goods from the truck prior to the shooting, and that no one had assaulted him. It was for this shooting that the appellant was charged and convicted.

■ Upon the trial, the appellant offered evidence as to the furniture which was on the truck and which he claimed to belong to him, and the value thereof, which evidence was rejected. Whether any or all of

the furniture upon the truck belonged to the appellant, and the value thereof, was wholly immaterial, under the facts as detailed by the appellant himself. The common law rule, that it is the duty and right of a private citizen to make an arrest when a felony is committed in his presence, has no application in this case, because there is no evidence that a felony had been, or was being, committed. In addition to this, the appellant's own detail of what happened shows definitely that the shooting was wilful and was not done for the purpose of protecting his property. There was no error in the rejection of this evidence, and the evidence having been rejected, counsel for the appellant, in his argument to the jury, had no right to comment upon facts which were not supported by evidence admitted upon the trial.

The appellant objects to two or three instructions, but, aside from the fact that no exception was taken to these instructions, it may be said that they contain a concise and correct statement of the law as applied to the facts in the case. There was no error in any of the respects claimed by the appellant.

The judgment will be affirmed.

MITCHELL, HOLCOMB, BLAKE, and BEALS, JJ., concur.